UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24702-CIV-DAMIAN

**RAFAEL AGUILA and ACCELERATED**
**DEVICE APPROVAL SERVICES**,

      Plaintiffs,

v.

**RQM+ LLC, HEADSAFE MFG PTY LTD,**
**CRYPTYCH PTY LTD, and GREG ROGER**,

      Defendants.
_____/

**ORDER ON MOTION TO REMAND [ECF NO. 14]**

**THIS CAUSE** is before the Court on Plaintiffs, Rafael Aguila and Accelerated Device Approval Services ("Plaintiffs"), Motion to Remand [ECF No. 14] ("Motion"), filed December 21, 2023.

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 22 and 23], the pertinent portions of the record, and relevant authorities, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I. BACKGROUND**

    *A. The Underlying Lawsuit*

On September 26, 2023, Plaintiffs, Rafael Aguila ("Aguila") and Accelerated Device Approval Services ("ADAS"), filed a *pro se* Complaint[1] in the Eleventh Judicial Circuit of

---

[1] The Court notes that Plaintiff ADAS is a sole proprietorship owned by Plaintiff Rafael Aguila, and, therefore may proceed *pro se*. [ECF No. 1-2 at 43]. *See, e.g.*, *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1984) ("As a sole proprietor, he could proceed *pro se* . . . .").

Miami-Dade County, Florida, against Defendants, RQM+ LLC ("RQM+"),[2] Headsafe Mfg. Pty. Ltd. ("Headsafe"), Cryptych Pty. Ltd. ("Cryptych"), and Greg Roger (collectively "Defendants"), alleging claims for breach of contract, tortious interference, and fraudulent misrepresentation, as well as violations of Florida's Civil Rights Act and Security of Communications Act. *See generally* First Amended Complaint [ECF No. 1-2 ("FAC")].

The lawsuit arises from a commercial dispute between Plaintiffs and Defendants who are in the business of regulatory review approvals of new medical devices. *See id.* at 16–17, 42–92.[3] In the FAC, Plaintiffs allege that Defendants made false representations to government regulatory agencies about Plaintiffs' business conduct which allegedly led to Plaintiffs losing their accreditation as a third-party medical device reviewer with the U.S. Food and Drug Administration. *See generally id.* ¶¶ 16–29, 58–71. The FAC states "[t]his is an action for damages in excess of $100,000, exclusive of interest and costs." *Id.* at 42. Plaintiffs seek actual and compensatory damages, as well as punitive damages. *Id.* at 91–92.

### B. Defendant RQM+'s Notice of Removal

On December 12, 2023, RQM+ filed a Notice of Removal and removed the action to this Court. [ECF No. 1 ("Notice of Removal")]. In the Notice of Removal, RQM+ asserts this Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and relies on the FAC's *ad damnum* clause in support of the claim that the amount in

---

[2] In the Notice of Removal, Defendant indicates there is no legal entity by the name "RQM+ LLC" and that, upon information and belief, Plaintiffs intended to sue Regulatory and Quality Solutions, LLC. For the sake of clarity, Defendant Regulatory and Quality Solutions, LLC will be referred to as Defendant RQM+ herein.

[3] On November 21, 2023, while the action was pending in state court, Plaintiff filed a Motion to Amend Complaint. [ECF No. 1-2 at 38–39]. Plaintiffs served Defendant RQM+ with the FAC and Summons on November 22, 2023. [ECF No. 1].

controversy exceeds $75,000. [ECF No. 1]. Defendant RQM+ asserts there is complete diversity of citizenship among the parties because Plaintiffs are citizens of Florida, Defendant RQM+ is a citizen of Delaware and Pennsylvania, and Defendants Headsafe, Cryptych, and Greg Roger are all citizens of Australia. *See id.* at 5–6.

### C. *Plaintiffs' Motion for Remand*

On December 21, 2023, Plaintiffs filed the Motion to Remand now before the Court. Plaintiffs argue that the Notice of Removal contains "critical flaws that fundamentally undermine its legal validity." Motion at 1. Plaintiffs first point to the Civil Cover Sheet filed by RQM+ in this action in which RQM+ lists Miami-Dade County as its county of residency in support of Plaintiffs' argument that there is not complete diversity of citizenship between the parties. *Id.* at 3–4. Plaintiffs further argue that RQM+ failed to adequately disclose the citizenship of all its members and that Florida is the de facto "nerve center" of the corporation's business activities because most of RQM+'s high-level executives and decision-makers are based in Florida. *Id.* at 5–7. Lastly, Plaintiffs assert the removal of this action is procedurally defective due to the non-inclusion and lack of consent from Defendant Headsafe. *Id.* at 9–10.

Defendant RQM+ responds it properly removed this case under 28 U.S.C. § 1441 based on diversity of jurisdiction. RQM+ asserts it is a citizen of a different state than Plaintiffs, as are the foreign Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs, and, therefore, this Court has subject matter jurisdiction over the instant action under 28 U.S.C. § 1332(a)(3). [ECF No. 22 at 5]. RQM+ argues that Plaintiffs are relying on a legally irrelevant clerical error in the civil cover sheet that RQM+ previously filed (and has since corrected, *see* ECF No. 15), a Florida corporation that is

3

unrelated to RQM+, and several unsupported misrepresentations regarding RQM+'s limited activities in Florida. *Id.* In their Reply, Plaintiffs reiterate their arguments that RQM+ has not met its burden of demonstrating complete diversity of citizenship among the parties exists. [ECF No. 23].

## II. APPLICABLE LEGAL STANDARD

A case filed in state court may be removed to federal court if the federal courts have subject matter jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal district courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. "The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court." *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1362 (M.D. Fla. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961)). Accordingly, the removing party is required to make "an affirmative showing . . . of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." *Gaitor*, 287 F.2d at 255. Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). In evaluating a motion to remand, the Court makes its "determinations based on the plaintiff's pleadings at the time of removal; but[,] the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

In addressing the merits of Plaintiffs' Motion and relevant pleadings, this Court is mindful that courts afford a liberal construction to the allegations of *pro se* litigants, holding

them to more lenient standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In addition, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

### III. DISCUSSION

#### A. *Whether Complete Diversity of Citizenship Exists.*

As noted above, Defendants removed this case pursuant to 28 U.S.C. §§ 1441 and 1446, alleging the Court has original jurisdiction based on diversity under 28 U.S.C. § 1332(a). [ECF No. 1]. Plaintiffs argue the Notice of Removal is insufficient because it does not list the citizenship of each member of Defendant RQM+, which is required to establish diversity of citizenship and this Court's jurisdiction.

To establish the propriety of removal based on diversity jurisdiction under 28 U.S.C. § 1332, every plaintiff must be diverse from every defendant—that is, no plaintiff's citizenship may overlap with any defendant's citizenship. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). For purposes of § 1332, an individual is considered a citizen of the state of his domicile—that is, the last state in which he lived with an intention to remain there indefinitely. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[4] "[A] corporation shall be

---

[4] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). All other entities are deemed citizens wherever a member of that entity is a citizen. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990).

Plaintiff Rafael Aguila, an individual, is a citizen of Florida. *See* FAC ¶ 5. Plaintiff ADAS is "a sole proprietorship owned by Plaintiff Rafael Aguila" and "established as an unincorporated entity under Florida law." *Id.* ¶ 4. ADAS operates "in Miami-Dade County," and, therefore, it is a citizen of Florida. *Id.*

Defendant RQM+ is "a limited liability company based in Pennsylvania" with its headquarters in Monroeville, Pennsylvania. *Id.* ¶ 6. A limited liability company "is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Defendant RQM+ has only one member—RQM+ Corporation. *See* Notice of Removal ¶ 21; [ECF. No. 11-1] Declaration of Julia Wnek ("Wnek Decl.") ¶ 1; Corporate Disclosure Statement [ECF. No. 5]. RQM+ Corporation is a Delaware corporation with its principal place of business in Pennsylvania. *See* Notice of Removal ¶ 21; Wnek Decl. ¶ 4. Therefore, for diversity purposes, Defendant RQM+ is a citizen of Delaware and Pennsylvania, the only states of which its sole member is a citizen. Plaintiffs do not dispute this. *See* Reply [ECF No. 23 at 7].

Instead, Plaintiffs contend that an "array of evidence points towards Florida as the actual 'nerve center'" for RQM+'s operations. Motion at 6. Specifically, Plaintiffs claim that "a significant number" of RQM+'s "high-level executives" and "senior leadership" control the company from Florida. *Id.* In response to Plaintiffs' argument, Defendant RQM+ submitted the Supplemental Declaration of Julia Wnek, the Chief Financial Officer for

RQM+ Corporation, which is the sole member of Defendant RQM+. *See* Supplemental Declaration of Julia Wnek ("Wnek Supp. Decl.") [ECF No. 22-1]. In her Supplemental Declaration, Ms. Wnek states that RQM+ does not have offices in Florida and does not direct its operations from Florida. *See* Wnek Supp. Decl. ¶¶ 4, 22. As to the nerve center, which is generally the location of corporate offices, that location is Pennsylvania. *See id.* ¶ 10. Plaintiffs' circular argument that because RQM+ does business in Florida, its nerve center must be in Florida, is unavailing. *See Colony Ins. Co. v. De Robles*, No. 08-61856, 2009 WL 10667577, at *6 (S.D. Fla. Apr. 17, 2009) (Altonaga, J.). "Corporate headquarters—offices in which the company performs its administrative functions—are the subject of the nerve center test." *Id.* RQM+ does not have corporate offices in Florida; it merely has "employees and contractors who work remotely from Florida, but they constitute a small fraction of RQM+'s workforce. None of these remote employees or contractors manage or control the operations of RQM." Wnek Supp. Decl. ¶ 7. RQM+'s corporate offices are located in Pennsylvania. *Id.* ¶ 10. Plaintiffs offer no evidence to rebut Ms. Wnek's declarations.

Defendant Headsafe is "an international corporation" with its "main office" in Australia. FAC ¶ 7. For diversity purposes, Headsafe is a citizen of Australia. Defendant Cryptych is also "an international corporation" with its "main office" in Australia. *Id.* ¶ 8. Cryptych is a citizen of Australia for diversity purposes. Similarly, Greg Roger resides in "New South Wales, Australia" and is therefore a citizen of Australia. *Id.* ¶ 9. Neither Headsafe nor Cryptych nor Roger is a citizen of Florida. Again, Plaintiffs offer nothing demonstrating otherwise.

Because the information before the Court demonstrates that the sole member of RQM+ is not a citizen of the State of Florida and that no other defendant is a citizen of the

State of Florida, this Court finds, on the record before it, that Defendants have shown that complete diversity of citizenship exists.

### B. Whether The Amount In Controversy Exceeds The Jurisdictional Threshold.

The parties do not dispute that the amount in controversy exceeds $75,000. *See* Reply at 10. Even so, "court looks to whether, on the face of the complaint, the jurisdictional amount is in controversy." *Phillips Excavating & Constr., Inc., v. Mount Vernon Fire Ins. Co.*, No. 8:08-cv-00746, 2008 WL 2856579, at *3 (M.D. Fla. July 22, 2008) (citing *Williams v. Best Buy*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Here, the amount in controversy is evident on the face of the FAC. As noted above, the FAC's *ad damnum* clause indicates that Plaintiffs seek "damages in excess of $100,000, exclusive of interests and costs." FAC ¶ 2. Therefore, the Court concludes that the $75,000 amount in controversy has been met. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007) (noting "the initial complaint's *ad damnum* clause established the aggregate amount in controversy").

### C. Consent To Removal By Other Defendants

Any defendant who has been served in the state court action must consent to the removal. "The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (citing *Chicago, R.I & P. Ry. Co. v. Martin*, 178 U.S. 245, 247–48 (1900)).

As to Plaintiffs' argument that the Notice of Removal is procedurally deficient because RQM+ failed to obtain the consent of the other Defendants, the Notice of Removal explicitly states that although Defendants Headsafe, Cryptych, and Greg Roger have not been properly served, these Defendants consent to removal without waiver of their procedural due process right to service. Notice of Removal ¶¶ 33–34. Plaintiffs offer nothing demonstrating otherwise.

Accordingly, the record before this Court shows that RQM+ has secured the consent of all necessary parties. *Id.*

## CONCLUSION

Based on the foregoing, the Court finds Defendants have met their burden of establishing diversity jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand **[ECF No. 14]** is **DENIED.**

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 8th day of July, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Rafael Aguila, *Pro se*
       6800 SW 40th Street, Suite 444
       Miami, FL 33155
       Email: support@510k-review.com

       Counsel of record