**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  23-24702-CIV-DAMIAN**

**RAFAEL AGUILA and ACCELERATED**
**DEVICE APPROVAL SERVICES**,

        Plaintiffs,

v.

**RQM+ LLC, HEADSAFE MFG PTY LTD,**
**CRYPTYCH PTY LTD, and GREG ROGER**,

        Defendants.

_____/

**ORDER ON DEFENDANT HEADSAFE MFG PTY LTD'S MOTION TO**
**QUASH SERVICE OF PROCESS AND MOTION TO DISMISS [ECF NO. 34]**

      **THIS CAUSE** is before the Court on Defendant Headsafe Mfg Pty Ltd.'s ("Headsafe"

or "Defendant"), Motion to Quash Service of Process and Motion to Dismiss [ECF No. 34

("Motion")], filed January 26, 2024.

      THE COURT has reviewed the Motion, the parties' briefing [ECF Nos. 45

("Response") and 48 ("Reply")], the pertinent portions of the record, including the

declaration submitted in support of the Motion, and relevant authorities, and is otherwise

fully advised. For the reasons set forth below, the Motion is due to be granted in part.

## I.    BACKGROUND

    *A. Relevant Factual Allegations In The First Amended Complaint.*

      The relevant facts summarized below are taken from the allegations in the First

Amended Complaint [ECF No. 1-3 at 6–56 ("Am. Compl.")].[1]

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which
appears in the headers of all court filings.

Plaintiffs, Rafael Aguila ("Aguila") and Accelerated Device Approval Services ("ADAS") (collectively, "Plaintiffs"), are in the business of medical device evaluations. ADAS is a sole proprietorship owned by Aguila. Am. Compl. ¶ 4. This action arises out of the business interaction among Plaintiffs and Defendants, RQM+ LLC ("RQM+"),[2] Headsafe Mfg. Pty. Ltd. ("Headsafe"), Cryptych Pty. Ltd. ("Cryptych"), and Greg Roger ("Roger") (collectively, the "Defendants"), in connection with third-party medical device review services. *See generally* Am. Compl.

Between 2018 and 2021, ADAS operated as a third-party review organization accredited by the Center for Devices and Radiological Health ("CDRH"), a branch of the U.S. Food and Drug Administration ("FDA") responsible for the regulatory oversight of medical devices, including the review and approval of 510(k) submissions.[3] Am. Compl. ¶¶ 3–4. Through its CDRH-accreditation, ADAS was primarily responsible for reviewing new medical device applications and recommending to the CDRH whether the subject medical devices should be approved or not. *Id.* ¶ 4.

Defendant Headsafe, an Australian corporation, is the developer and legal manufacturer of NuroChek, a medical device used for electroencephalogram (EEG) analysis. *Id.* ¶ 16. In January 2019, Defendant Cryptych, also an Australian corporation, engaged in a partnership with Headsafe to co-develop the NuroChek device. *Id.* ¶¶ 8; 30. Defendant Roger,

---

[2] In the Notice of Removal, RQM+ indicates there is no legal entity by the name "RQM+ LLC" and that, upon information and belief, Plaintiffs intended to sue Regulatory and Quality Solutions, LLC. So, for simplicity's sake, Defendant will be referred to as RQM+ herein.

[3] As alleged in the Amended Complaint, 510(k) submissions are "comprehensive dossiers that include detailed information, safety test reports, technical specifications, supporting scientific data, and evidence demonstrating that the new device is at least as safe and effective as a predicate device, an existing, legally marketed device." Am. Compl. ¶ 4.

an individual residing in Australia, is the Chief Executive Officer of Cryptych. *Id.* ¶ 9. Plaintiffs allege that on April 16, 2019, Defendant Cryptych entered into a contract with ADAS pursuant to which ADAS would provide third-party medical device review services to Cryptych in connection with the CDRH's review of the NuroChek device's 510(k) submission. *Id.* ¶¶ 17, 30–31.

Defendant RQM+ is a limited liability company based in Pennsylvania that specializes in consulting services for regulatory approvals of new medical devices. *Id.* ¶ 6. Plaintiffs allege that RQM+ served as the authorized U.S. agent for Defendants Headsafe, Cryptych, and Roger. *Id.* As Plaintiffs allege in the Amended Complaint, non-party Allison Komiyama ("Ms. Komiyama") was a regulatory consultant for Defendants Cryptych, Headsafe, and Roger, and was primarily tasked with facilitating the CDRH approval of the NuroChek device. *Id.* Plaintiffs allege that, at the time the parties were engaged in the regulatory review process for the NuroChek device, Ms. Komiyama was employed by non-party AcKnowledge Regulatory Services ("AcKnowledge"), which was later acquired by Defendant RQM+ in December 2021. *Id.* ¶ 61. Notably, according to the Amended Complaint, the NuroChek device was officially approved by the CDRH on April 23, 2020. *Id.* ¶ 8.

Plaintiffs allege that during the course of the regulatory review process for the NuroChek device, Defendants made false representations to the CDRH about Plaintiffs' business conduct. *See generally* Am. Compl. ¶¶ 16–29, 58–91. Specifically, Plaintiffs allege that Defendants "misrepresented to the CDRH the nature of the Plaintiffs' review process, falsely suggesting that the Plaintiffs had led [Defendants] to believe that the CDRH was directly reviewing the NuroChek's 510(k) application before its actual submission date." *Id.* ¶ 108. According to Plaintiffs, these false representations "were a significant factor in the CDRH's

eventual decision to withdraw ADAS's accreditation as a Third-Party Review organization[.]" *Id.*

### B. *The State Court Proceedings.*

On September 26, 2023, Plaintiffs, proceeding *pro se*,[4] filed a Complaint in the Eleventh Judicial Circuit Court in Miami-Dade County, Florida, against Defendants asserting claims for violation of Florida's Security of Communications Act, defamation, tortious interference with business relations, business disparagement, fraud/fraudulent misrepresentation, negligent misrepresentation, breach of contract, and product liability. *See generally* ECF No. 1-2 at 5–11.

On November 21, 2023, while the action was pending in state court and before the Defendants were served with the Complaint, Plaintiffs filed a "Motion to Amend Complaint" requesting leave to amend their pleading as a matter of course. *Id.* at 38–40. Plaintiffs attached the proposed First Amended Complaint to their Motion. *Id.* at 42–92. In the First Amended Complaint, the operative pleading, Plaintiffs assert five claims against the Defendants: (1) Racial Discrimination in Medical Device Safety Testing in violation of the Florida Civil Rights Act ("FCRA") of 1992 (Fla. Stat. § 760.01, *et seq.*) and the Florida Patient's Bill of Rights and Responsibilities ("FPBRR") (Fla. Stat. § 381.026(4)(d)(1)); (2) Fraudulent Misrepresentation; (3) Breach of Contract (solely against Cryptych); (4) Tortious Interference with Business Relations; and (5) Violation of the Florida Security of Communications Act

---

[4] The Court notes that ADAS is a sole proprietorship owned by Aguila and, therefore, may proceed *pro se*. [ECF No. 1-2 at 43]. *See, e.g.*, *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1984) ("As a sole proprietor, he could proceed *pro se* . . . .").

("FSCA") (Fla. Stat. § 934.01 *et seq.*). *Id.* Plaintiffs seek actual and compensatory damages, as well as punitive damages. *Id.* at 91–92.

### C. *The Instant Action.*

On December 12, 2023, RQM+ removed the action to this Court. [ECF No. 1]. In the Notice of Removal, RQM+ asserts this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. [ECF No. 1]. Defendant RQM+ avers there is complete diversity of citizenship among the parties because Plaintiffs are citizens of Florida, RQM+ is a citizen of Delaware and Pennsylvania, and Defendants Headsafe, Cryptych, and Roger are all citizens of Australia. *See id.* at 5–6. RQM+ points to the First Amended Complaint's *ad damnum* clause in support of the claim that the amount in controversy exceeds $75,000. *Id.*

RQM+ also states, in the Notice of Removal, that the three other Defendants (Headsafe, Cryptych, and Roger) had not been properly served, and, therefore, their consent is not required for removal. *Id.* ¶ 33. Nevertheless, RQM+ indicates that counsel for RQM+ confirmed that Headsafe consents to removal without waiver of Headsafe's procedural due process right to service. *Id.* (citing an email from Headsafe's counsel as Exhibit E [ECF No. 1-6]). In addition, counsel for RQM+ also contacted Roger, who owns and operates Cryptych, and Roger confirmed that neither he nor Cryptych have yet been properly served. *Id.* ¶ 34. Defendants Roger and Cryptych also consented to removal without the waiver of their procedural due process right to service. *Id.* (citing an email from Roger as Exhibit F [ECF No. 1-7]).

On December 19, 2023, Defendant RQM+ filed a Motion to Dismiss the First Amended Compliant under Federal Rule of Civil Procedure 12(b)(1) for lack of personal

5

jurisdiction, and, alternatively, under Rule 12(b)(6) for failure to allege claims upon which relief can be granted. [ECF No. 11].

On December 21, 2023, Plaintiffs filed a Motion to Remand the action to state court (*see* ECF No. 14), and on January 17, 2024, Plaintiffs filed a Motion for Preliminary Injunction. [ECF No. 24]. This Court[5] denied the Motion to Remand on July 8, 2024. *See* ECF No. 69. The Motion for Preliminary Injunction remains pending.

On January 26, 2024, Defendant Headsafe filed the Motion to Quash Service of Process or, alternatively, Motion to Dismiss the First Amended Complaint for lack of personal jurisdiction now before the Court. [ECF No. 34]. That same day, Plaintiffs filed a Motion for Substitute Service on Defendants Cryptych and Roger, requesting that the Court authorize Plaintiffs to serve Cryptych and Roger by substitute service through the Florida Secretary of State and via email on grounds Defendant Roger appears to be evading service. *See generally* ECF No. 35. And, on February 1, 2024, Defendants Cryptych and Roger filed a Limited Notice of Appearance for the sole purpose of filing a Motion to Quash Improper Service or, alternatively, to Dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction. [ECF No. 37].

The above-discussed pending Motions [ECF Nos. 11, 35, and 37] will be addressed by separate Orders.

On July 10, 2024, this Court granted the Defendants' Joint Motion for a temporary stay of the proceedings and Defendant RQM+'s Corrected Motion to Stay Discovery and

---

[5] This case was reassigned to the undersigned on March 13, 2024. *See* ECF No. 55.

temporarily stayed the case pending this Court's ruling on the pending Motions. *See* ECF No. 70. Thus, the case has been stayed since that time.

In the Motion now before the Court, Headsafe seeks to quash service of process or, alternatively, to dismiss the First Amended Complaint against it for lack of personal jurisdiction. *See generally* Mot. Plaintiffs filed a Response in opposition to the Motion on February 12, 2024 [ECF No. 45], and Headsafe filed a Reply on February 16, 2024. [ECF No. 48]. The Motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARDS

### A.  *Motions To Quash Service Of Process.*

Defendant seeks to quash service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Motions to quash filed pursuant to Rule 12(b)(5) challenge the sufficiency of service. Defendant must challenge sufficiency of the service of process in its answer or in a pre-answer motion. *See Sanderford v. Prudential Ins. Co.,* 902 F.2d 897, 900 (11th Cir.1990). Here, Headsafe's Motion to Quash was filed in a pre-answer motion in which Headsafe specifically indicates that it was entering a limited appearance for the purpose of challenging service and personal jurisdiction. *See* Mot. at 1 n.2

Generally, the serving party bears the burden of proving validity of service. *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). When a defendant challenges the validity of service of process, however, courts effectively apply a burden-shifting framework. First, when a defendant challenges the validity of service, he "must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4." *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct.

14, 2009) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)). If the defendant successfully challenges service of process, the burden shifts to the plaintiff to set forth a *prima facie* case of proper service. *Hollander*, 2009 WL 3336012, at *3. If the plaintiff provides *prima facie* evidence of proper service, the burden then shifts back to the defendant to "bring strong and convincing evidence of insufficient process." *Id.* (citing *O'Brien*, 998 F.2d at 1398). In determining whether the plaintiff properly effectuated service of process, a court may look to affidavits, depositions, and oral testimony submitted by both parties. *Hollander*, 2009 WL 3336012, at *3 (citations omitted).

**1. Service On Individuals And Corporations Located Abroad.**

The procedural requirements for proper service of process on individuals and corporations who are not located within the United States are set forth in Federal Rules of Civil Procedure 4(f) and 4(h). Federal Rule of Civil Procedure 4(f) sets forth the procedural requirements for effecting service upon individuals in foreign countries. In relevant part, the Rule provides as follows:

> (f) **Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

  (C) unless prohibited by the foreign country's law, by:

    (i) delivering a copy of the summons and of the complaint to the individual personally; or

    (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

  (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). These provisions apply to service on corporations in foreign countries. *See* Fed. R. Civ. P. 4(h) (with the exception of when service effected by personal delivery pursuant to Rule 4(f)(2)(C)(i)).

A plaintiff is not required to attempt service under subsections (1) and (2) before requesting a court order authorizing service under subsection (3). *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016). *See also, e.g.*, *Brookshire Bros. Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962-COOKE, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (recognizing that "[t]he invocation of Rule 4(f)(3) . . . is neither a last resort nor extraordinary relief" (citation omitted)).

Courts have broad discretion in allowing service under Rule 4(f)(3). *Trapenard v. Clester*, No. 6:22-CV-660-RBD-LHP, 2023 WL 2264177, at *1–2 (M.D. Fla. Feb. 28, 2023); *Taser*, 2016 WL 7137699, at *2. Nonetheless, "alternate methods of service under Rule 4(f)(3) must still fulfill due process requirements." *Seaboard Marine Ltd. v. Magnum Freight Corp.*, No. 17-21815-Civ-Scola, 2017 WL 7796153, at *1 (S.D. Fla. Sept. 21, 2017) (quoting *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010)). Due process requires that "the method of service crafted by the district court . . . be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

afford them an opportunity to present their objections.'" *Taser*, 2016 WL 7137699, at *2 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002)).

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990); *see also Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) ("[O]nce a defendant has actual notice of the pendency of an action, the requirements of [Rule] 4 are to be liberally construed."). But service of process that is not in "substantial compliance" with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (holding that, "even though [the defendant] had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements" of Rule 4(f)(2)); *id.* at 925 n.14 (explaining that other courts considering whether service of process was adequate also concluded that "actual notice alone was not enough to allow the court personal jurisdiction over the defendant").

While actual notice of the lawsuit is not alone enough to confer personal jurisdiction over a party, "receipt of actual notice is an important factor in considering whether service of process is adequate." *Prewitt Enters.*, 353 F.3d at 925 n.14 (explaining that other courts considering whether service of process was adequate "were careful to determine that service of process was in substantial compliance with the formal requirements of the Federal Rules").

## 2. Service On Foreign Corporation By Serving An Agent.

Here, Plaintiffs did not attempt to serve Defendant Headsafe by using the means available pursuant to Rule 4(f)(1) and (2). Instead, they have attempted to serve this Defendant by serving its purported agent, RQM+, located in Pennsylvania.

Federal Rule of Civil Procedure 4(h) provides two ways in which a foreign corporation is subject to service in a judicial district of the United States. First, service may be effected by following the state law regarding service of a foreign corporation in the jurisdiction where the district court is located or where service has been made. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). The second way in which a foreign corporation is subject to service in a judicial district of the United States is by delivering a copy of the summons and the complaint to an officer or agent of the corporation. *See* Fed. R. Civ. P. 4(h)(1)(B).

Here, Florida law provides that a plaintiff may effect service on a foreign corporation by serving "the registered agent designated by the corporation . . . ." Fla. Stat. § 48.081(2).[6] As indicated above, Plaintiffs have not attempted to serve an agent "in this state," but, instead,

---

[6] Pursuant to Section 607.1507(1), a foreign corporation "authorized to transact business in this state shall designate and continuously maintain in this state:"

    (a)   A registered office, which may be the same as its place of business in this state; and

    (b)   A registered agent, which must be:

        1.   An individual who resides in this state and whose business address is identical to the address of the registered office;

        2.   A domestic entity that is an authorized entity and whose business address is identical to the address of the registered office; or

        3.   Another foreign entity authorized to transact business in this state which is an authorized entity and whose business address is identical to the address of the registered office.

Fla. Stat. § 607.1507(1).

have attempted to serve Headsafe by service on a purported agent located in Pennsylvania.[7]

Therefore, the second alternative indicated above, service pursuant to Rule 4(h)(1)(B), applies.

Rule 4(h)(1), provides:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> **(1)** in a judicial district of the United States:
> **. . .**
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant . . . . .

Fed. R. Civ. P. 4(h)(1)(B).

Headsafe having challenged the validity of service on them, a foreign corporation, by service on RQM+, Plaintiffs must demonstrate that service satisfied Rule 4. This is discussed below.

### B.  Lack of Personal Jurisdiction – Federal Rule of Civil Procedure 12(b)(2)

Alternatively, Headsafe argues that this Court lacks personal jurisdiction over it. Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323–24 (M.D. Fla. 2011). To survive a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *Virgin Health*

---

[7] Headsafe argues that service under Section 48.081 is not valid because Headsafe is neither a domestic corporation nor a "registered foreign corporation" under the applicable statutory definitions. Moreover, according to the Cohen Declaration, Headsafe has not sought or received "an active certificate of authority to transact business in [Florida]" and is not a "registered foreign corporation" amenable to service under Section 48.081. *See* Mot. at 5 (citing Cohen Decl. ¶¶ 11–14).

*Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). In other words, "[t]he plaintiff bears the initial burden of alleging sufficient jurisdictional facts to make a *prima facie* case; if the defendant rebuts with contrary affidavit evidence, the plaintiff reassumes the burden." *Id.* (citing *United Techs. Corp v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The plaintiff establishes a *prima facie* case if it "presents enough evidence to withstand a motion for directed verdict." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citation omitted).

To determine whether personal jurisdiction exists over an out-of-state defendant, federal courts undertake a two-step analysis. *Verizon*, 810 F. Supp. 2d at 1324. First, a court must determine whether, pursuant to state law, the applicable state long-arm statute is satisfied. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state long-arm statute is satisfied, the court must consider "whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 858–59 (11th Cir. 2013). The Due Process Clause requires that the defendant have minimum contacts with the forum state so that the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Id.* "Both parts [of the test] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

At this stage, this Court accepts the facts alleged in the Amended Complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *See Consol. Dev. Corp.*, 216

F.3d at 1291. If a defendant refutes personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech.*, 218 F.3d at 1249. The Court construes all reasonable inferences in the light most favorable to the plaintiff when dealing with conflicting evidence. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) ("If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists."); *see also Consol. Dev. Corp.*, 216 F.3d at 1291.

### C.  Leniency Afforded Pro Se Litigants

In addressing the merits of the pending Motion and relevant pleadings, this Court is mindful that courts afford a liberal construction to the allegations of *pro se* litigants, holding them to more lenient standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In addition, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

### III.   ANALYSIS

With the foregoing in mind, this Court addresses the issues raised in Headsafe's Motion. As indicated above, Headsafe argues that Plaintiffs have failed to properly serve

Headsafe by any means authorized by Florida or federal law and, therefore, that the Court should quash service of process on Headsafe. Alternatively, Headsafe argues the Court should dismiss it for lack of personal jurisdiction.

### A. Service Of Process.

In the Motion, Headsafe argues this Court should quash service of process on it because Plaintiffs' attempt to serve it by serving RQM+ in Pennsylvania was not valid.

As laid out above, in light of Headsafe's challenge to service of process, Plaintiffs, as the serving party, bear the burden of proving validity of service. *Andujar v. All Coast Transporters, Inc.*, No. 12-62091, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) ("[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.") (citing *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (4th ed. 2025) ("The party on whose behalf service of process is made has the burden of establishing its validity when challenged; to do so, she [or he] must demonstrate that the procedure employed to deliver the papers satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.").

Here, Headsafe has challenged the validity of service of process through a detailed memorandum, supported by sworn affidavits, specifying why Plaintiffs' attempt to serve it by service on RQM+ is invalid because RQM+ is not Headsafe's agent under any provision of Rule 4. Headsafe asserts that Plaintiffs purported to serve Headsafe by leaving copies of the Summons and Amended Complaint with an Executive Assistant working at the Pennsylvania offices of Defendant RQM+, a wholly distinct entity from Headsafe. Mot. at 2. Headsafe

states that RQM+ is not Headsafe's registered agent for service of process in Florida, Pennsylvania, or any other state. *Id.*

The record in this case reflects that on January 22, 2024, Plaintiffs filed a Notice of Affidavit of Service on Defendant Headsafe. [ECF No. 27]. The Affidavit of Service indicates that, on November 22, 2023, a process server left a copy of the Summons and First Amended Complaint with Tammie Smelko, an Executive Assistant, at the following address: 2790 Mosside Blvd., Suite 800, Monroeville, PA 15146. *Id.* at 5. Headsafe argues that Plaintiffs' attempt to serve process on Headsafe through an executive assistant at RQM+'s Pennsylvania office is not valid service. Mot. at 4.

In support of the Motion, Headsafe submitted the sworn Declaration of Adrian Cohen, Headsafe's Chief Executive Officer. [ECF No. 34-1 ("Cohen Decl.")]. In the Declaration, Mr. Cohen states that Headsafe is an Australian corporation with its sole office in Sydney, Australia. *Id.* at ¶ 2. Mr. Cohen also states that all employees of Headsafe are located in Australia and that Headsafe is a wholly owned subsidiary of Headsafe Holdings Pty Ltd., which is also an Australian corporation with all offices and employees in Australia. *Id.* As further stated in Mr. Cohen's Declaration, Headsafe is a separate and wholly distinct entity from RQM+, and RQM+ has no corporate affiliation at all with Headsafe. *Id.* ¶ 6. Tammie Smelko, the executive assistant at RQM+'s Pennsylvania office, is not a director, officer, employee, or agent of Headsafe. *Id.* ¶ 7.

Mr. Cohen goes on to state that RQM+ is not Headsafe's registered agent for service of process in Florida, Pennsylvania, or any other state in the United States, or anywhere in the world. *Id.* ¶ 8. According to Mr. Cohen, neither RQM+ nor any of its employees are authorized to receive service of process on behalf of Headsafe. *Id.* ¶ 9. Rather, as further stated

16

in Mr. Cohen's Declaration, RQM+ is designated as Headsafe's "U.S. agent" for the limited and specific purpose of facilitating communications with the FDA, pursuant to 21 C.F.R. § 807.40(b)(2). *Id.* ¶ 10.

Headsafe argues that the scope of the U.S. agent's authority does not extend to accepting service of process from third parties, like Plaintiffs, and that every federal court to consider this question has concluded that a U.S. agent designated for FDA purposes is not, by that fact alone, "authorized by law to act as an agent for service of process." Mot. at 6 (citing *Synthes USA LLC v. Syntec Scientific (USA) Corp.*, 2010 WL 11557995, at *4 (C.D. Cal. May 26, 2010); and *KSH Props., Inc. v. PC Mktg., Inc.*, 2015 WL 1481542, at *2 (W.D. Wash. Mar. 31, 2015)).

The relevant statute pertaining to registration of a foreign manufacturer of drugs or devices, under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 360(i)(1), provides as follows:

> (1) Any establishment within any foreign country engaged in the manufacture, preparation, propagation, compounding, or processing of a drug or device that is imported or offered for import into the United States shall, through electronic means in accordance with the criteria of the Secretary—
>
> (A) upon first engaging in any such activity, immediately register with the Secretary the name and place of business of the establishment, the name of the United States agent for the establishment, the name of each importer of such drug or device in the United States that is known to the establishment, and the name of each person who imports or offers for import such drug or device to the United States for purposes of importation . . . .

21 U.S.C. § 360(i)(1). Section 360(i)(1), however, does not provide that the U.S. agent registered for FDA purposes is also authorized to receive service of process for purposes of Federal Rule of Civil Procedure 4. *See Synthes*, 2010 WL 11557995, at *3. Rather, the relevant regulations make clear that designation of the U.S. agent pursuant to 21 U.S.C. § 360(i)(1) is

17

for FDA's purposes only. Indeed, the relevant section of the Code of Federal Regulations, 21

C.F.R. § 807.40(b)(2), provides as follows:

> (2) <u>Upon request from FDA</u>, the United States agent <u>shall assist FDA</u> in communications with the foreign establishment, respond to questions concerning the foreign establishment's products that are imported or offered for import into the United States, and <u>assist FDA</u> in scheduling inspections of the foreign establishment. If the agency is unable to contact the foreign establishment directly or expeditiously, <u>FDA may provide</u> information or documents to the United States agent, and such an action shall be considered to be equivalent to providing the same information or documents to the foreign establishment.

21 C.F.R. § 807.40(b)(2) (emphasis added).

In their Response to the Motion, Plaintiffs contend that service upon Headsafe via

RQM+ is proper because RQM+ is Headsafe's U.S. agent. Resp. at 2. Without citing any

legal support, Plaintiffs argue that the "U.S. agent" designation is not limited to facilitating

communications with the FDA. *Id.* According to Plaintiffs, RQM+ holds broader authority

to represent Headsafe's interests and the Court should infer a broader agency relationship. *Id.*

The undersigned notes that in their Motion for Clerk's Entry of Default Against

Headsafe [ECF No. 16], filed on December 27, 2023, Plaintiffs provided the following

statement regarding service on Headsafe by way of RQM+:

> Defendant RQM+, acting as the official U.S. agent for Headsafe, as shown in Exhibit B, was served with the complaint and summons intended for Headsafe on November 22, 2023. This service is deemed legally effective based on 21 C.F.R. § 807.40(b), which obligates foreign medical device manufactures operating in the U.S. to appoint a U.S. agent. Pertinently, 21 C.F.R. § 807.40(b)(2) states that providing documents to a U.S. agent is 'equivalent to providing the same information or documents to the foreign establishment.' Therefore, by serving RQM+ as Headsafe's U.S. agent, Headsafe was effectively and legally served with the complaint and summons.

*See* ECF No. 16 (Pl.'s Mot. for Clerk's Entry of Default Against Headsafe at 2).[8] Thus, it is clear that Plaintiffs interpret 21 C.F.R. § 807.40(b)(2) to indicate that service of process upon RQM+, as Headsafe's U.S. agent, is "equivalent" to service upon Headsafe. But the language of 21 C.F.R. § 807.40(b)(2) itself indicates otherwise, providing that the U.S. agent "shall assist FDA" and that "FDA may provide information or documents" to the U.S. agent. There is no indication that the U.S. agent appointed pursuant to 21 U.S.C. § 360(i)(1) is also authorized by law to receive service of process for the foreign entity. *See Synthes*, 2010 WL 11557995, at *4.

Plaintiffs cite no authority for their argument that a U.S. agent designated for FDA purposes is also authorized by law to receive service of process under Rule 4(h), and Plaintiffs do not address the case law cited in Headsafe's Motion that supports Headsafe's argument that designees under 21 C.F.R. § 807.40(b) are agents for FDA purposes *only,* and they do not offer any evidence to contradict the statements in Mr. Cohen's Declaration.

Plaintiffs also fail to present any evidence that either Ms. Smelko or RQM+ was actually appointed by Headsafe as its registered agent for service of process. *See Garvich v. Georgia*, No. 21-10679, 2022 WL 1531701, at *1 (11th Cir. May 16, 2022) ("When a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." (citation omitted)).[9]

---

[8] Notably, Plaintiffs' "Exhibit B" to the Motion for Clerk's Entry of Default against Headsafe lists the U.S. agent as "Allison Komiyama, RQM+" at a San Diego, California address. *See* ECF No. 16 at 9.

[9] Plaintiffs do not present any argument or authority demonstrating that RQM+ is Headsafe's "managing or general agent" for purposes of Rule 4(h)(1)(B). This Court observes that the term "managing or general agent" is not well defined. A federal standard controls whether a person qualifies as an agent authorized to receive service. *Louis v. Roger Gladstone Law Grp.*, No. 12–80427–CIV, 2013 WL 12145975, at *4 (S.D. Fla. Feb. 6, 2013) (citing *National Equip.*

Finally, although Headsafe now has notice of these proceedings,[10] the Eleventh Circuit has made it clear that "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

In sum, having undertaken a careful review of the parties' submissions and the relevant authorities, this Court finds that Plaintiffs have not satisfied their burden of establishing that they properly effectuated service of process on Headsafe or that they have substantially complied with Rule 4. Accordingly, Headsafe's Motion to Quash is due to be granted.

### B. Personal Jurisdiction.

Because Headsafe has not been properly served, this Court lacks personal jurisdiction over Headsafe. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." (quotations omitted)). As such, the Court need not address Headsafe's alternative basis for

---

*Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). Under this federal standard, courts have noted, however, that "the paramount purpose of the rules is to provide notice." *Id.* (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "[T]he determination of who qualifies as an agent depends on the facts of the case." *Id.* (citing *Direct Mail*, 840 F.2d at 688). Courts have stated that "[s]ervice is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (citing *Direct Mail*, 840 F.2d at 688). Other courts have suggested that service is sufficient if "the belief that defendant will be apprised of the suits pending against it" is justified. *Manchester Modes, Inc. v. Lilli Ann Corp.*, 306 F. Supp. 622, 626 (S.D.N.Y. 1969). Similarly, courts have stated that service is sufficient under the Rule if service is "made upon a representative so integrated with the organization that he will know what to do with the papers." *Montclair Elecs., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971). Plaintiffs have not offered anything to rebut Headsafe's affidavits demonstrating that RQM+ has no such authority on behalf of Headsafe, and, while Plaintiffs do not appear to be relying on this provision of Rule 4(h)(1)(B), it would nevertheless not save the day for Plaintiffs under the circumstances presented.

[10] And, as indicated above and discussed below, Headsafe reserved its right to object to service of process and personal jurisdiction.

dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Nonetheless, the undersigned briefly addresses Plaintiffs' arguments in the Response with respect to Headsafe's jurisdictional challenge.

Plaintiffs argue that Headsafe has waived its ability to challenge personal jurisdiction for two reasons: (1) the Notice of Removal, filed by Defendant RQM+, did not preserve an objection to jurisdiction, and (2) Headsafe consented to removal of this action to this Court. *Id.* Both claims are unavailing.

Unlike subject matter jurisdiction, personal jurisdiction can be waived if a defendant fails to raise it as an issue in either a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 12(b)(2), (h); *see also Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006); *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) ("While it is true that the defense of lack of personal jurisdiction can be waived by filing a motion which does not raise the defense, Fed. R. Civ. P. 12(h)(1), waiver is only accomplished if the defense is not asserted in the first motion made under Rule 12 or responsive pleading."). "[P]ersonal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense." *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (citations omitted). *See, e.g., Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (noting that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal").

Here, Headsafe timely asserted its objection to personal jurisdiction by raising it in the Motion now before the Court. *See* Mot. at 10–16 (addressing lack of personal jurisdiction

under the Florida long-arm statute). Contrary to Plaintiffs' argument, the Notice of Removal, which was not even filed by Headsafe, is neither a responsive pleading nor a motion made under Rule 12, and thus does not operate as a waiver of the defense of lack of personal jurisdiction under Rule 12(h). *See, e.g.*, *Lane*, 322 F. App'x at *2 (rejecting argument that the defendants had waived their defense of lack of personal jurisdiction by moving to stay the proceedings before moving to dismiss for lack of personal jurisdiction).

Nor does Headsafe's consent to removal operate as a waiver of its ability to challenge personal jurisdiction. As noted in the Notice of Removal, and as discussed above, Headsafe has not been properly served and therefore its consent was not required for removal. *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)). Nor has Headsafe implicitly waived its defense of personal jurisdiction by substantially participating in litigation before filing its Rule 12(b)(2) Motion. *See generally* Docket.

This Court is satisfied that Headsafe timely asserted and has not waived its defense of lack of personal jurisdiction in this matter.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Headsafe's Motion to Quash Service of Process and Motion to Dismiss **[ECF No. 34]** is **GRANTED IN PART** as follows:

1. Plaintiffs' Notice of Affidavit of Service on Defendant Headsafe [ECF No. 27] is **QUASHED**.

2. Headsafe is hereby **DISMISSED** from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).[11] In the event Plaintiffs seek to attempt to serve Headsafe and correct the deficiencies identified herein, they must seek leave to do so within **twenty (20) days** of the date of this Order.

3. Headsafe's alternative request for dismissal for lack of personal jurisdiction is **DENIED AS MOOT and without prejudice**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 12th day of August, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Rafael Aguila, *Pro se*
6800 SW 40th Street, Suite 444
Miami, FL 33155
Email: support@510k-review.com

---

[11] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).