UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  23-24702-CIV-DAMIAN

RAFAEL AGUILA and ACCELERATED
DEVICE APPROVAL SERVICES,

      Plaintiffs,

v.

RQM+ LLC, HEADSAFE MFG PTY LTD,
CRYPTYCH PTY LTD, and GREG ROGER,

      Defendants.

_____/

**OMNIBUS ORDER ON DEFENDANTS CRYPTYCH AND GREG ROGER'S
MOTION TO QUASH IMPROPER SERVICE AND DISMISS PLAINTIFFS'
COMPLAINT FOR LACK OF PERSONAL JURISDICTION [ECF NO. 37]
AND PLAINTIFFS' MOTION FOR SUBSTITUTE SERVICE
ON DEFENDANTS CRYPTYCH AND GREG ROGER [ECF NO. 35]**

**THIS CAUSE** is before the Court on Defendants Cryptych Pty Ltd ("Cryptych") and

Greg Roger's ("Roger") Motion to Quash Improper Service and Dismiss Plaintiffs'

Complaint for Lack of Personal Jurisdiction [ECF No. 37 ("Motion to Quash")], filed

February 1, 2024, and on Plaintiffs' Motion for Substitute Service on Defendants Cryptych

and Roger [ECF No. 35], filed January 29, 2024.

THE COURT has reviewed the above-referenced Motions, the parties' briefing [ECF

Nos. 47 ("Response") and 54 ("Reply")] and supporting documents, the pertinent portions of

the record, and relevant authorities and is otherwise fully advised. For the reasons set forth

below, Defendants Cryptych and Roger's Motion to Quash is due to be granted in part, and

Plaintiffs' Motion for Substitute Service is due to be denied.

# I.    RELEVANT BACKGROUND[1]

Plaintiffs, Rafael Aguila ("Aguila") and Accelerated Device Approval Services ("ADAS"), a sole proprietorship owned by Aguila, (collectively, "Plaintiffs"), are in the business of medical device evaluations. [ECF No. 1-3 at 6–56 ("Am. Compl.") ¶ 4]. Aguila resides in Miami, Florida, and ADAS, a Florida corporation, operates in Miami-Dade County. *Id.* This action arises out of the business engagement among Plaintiffs and Defendants, RQM+ LLC ("RQM+"), Headsafe Mfg. Pty. Ltd. ("Headsafe"), Cryptych, and Greg Roger (collectively, "Defendants"), in connection with third-party medical device review services. *See generally* Am. Compl.

Defendant Headsafe, an Australian corporation, is the developer and legal manufacturer of NuroChek, a medical device used for electroencephalogram (EEG) analysis. *Id.* ¶ 16. In January 2019, Defendant Cryptych, also an Australian corporation, engaged in a partnership with Headsafe to co-develop the NuroChek device. *Id.* ¶¶ 8; 30. Defendant Roger, an individual residing in Australia, is the Chief Executive Officer of Cryptych. *Id.* ¶ 9. Plaintiffs allege that on April 16, 2019, Defendant Cryptych entered into a contract with ADAS pursuant to which ADAS would provide third-party medical device review services to Cryptych in connection with the U.S. Food and Drug Administration's ("FDA") Center for Devices and Radiological Health's ("CDRH") regulatory review of the NuroChek device. *Id.* ¶¶ 17, 30–31.

On September 26, 2023, Plaintiffs, proceeding *pro se*, filed a Complaint in the Eleventh Judicial Circuit Court in Miami-Dade County, Florida, against the Defendants. *See generally*

---

[1] This Court previously laid out a more detailed summary of the factual background and procedural history in its Order on Defendant Headsafe's Motion to Quash Service of Process. *See* ECF No. 72. The background information relevant to the Motions now before this Court is set forth below.

ECF No. 1-2 at 5–11. While the action was pending in state court, Plaintiffs filed an Amended Complaint, the operative pleading, alleging, *inter alia*, that the Defendants made false representations to the CDRH about Plaintiffs' business conduct, which allegedly led to the revocation of Plaintiffs' accreditation as a third-party medical device reviewer with the FDA. *See generally* Am. Compl. ¶¶ 16–29, 58–91.

On December 12, 2023, Defendant RQM+ removed the action to federal court. [ECF No. 1]. In the Notice of Removal, RQM+ indicates that Defendant Roger confirmed that neither he nor Cryptych have yet been properly served and that Defendants Roger and Cryptych consented to removal without waiving their procedural due process right to service. *Id.* ¶ 34. (citing an email from Roger as Exhibit F [ECF No. 1-7]).

On December 19, 2023, RQM+ filed a Motion to Dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of personal jurisdiction, and, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. [ECF No. 11]. RQM+'s Motion remains pending and will be addressed by separate Order.

On January 26, 2024, Defendant Headsafe filed a Motion to Quash Service of Process or, alternatively, Motion to Dismiss the First Amended Complaint for lack of personal jurisdiction. [ECF No. 34]. On August 12, 2025, this Court granted in part Headsafe's Motion and dismissed Headsafe, pursuant to Federal Rule of Civil Procedure 4(m), on grounds Plaintiffs had not properly served Headsafe. *See* ECF No. 72.

Also on January 26, 2024, Plaintiffs filed a Motion for Substitute Service on Defendants Cryptych and Roger, requesting that the Court authorize substituted service on these Defendants through the Florida Secretary of State. [ECF No. 35]. And, on February 1, 2024, Defendants Cryptych and Roger filed a Limited Notice of Appearance for the sole

3

purpose of filing the Motion now before the Court seeking to quash improper service or, alternatively, to dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction. [ECF No. 37].

On July 10, 2024, this Court granted the Defendants' Joint Motion for a temporary stay of the proceedings and Defendant RQM+'s Corrected Motion to Stay Discovery and temporarily stayed the case pending this Court's ruling on the pending Motions. *See* ECF No. 70. Thus, the case has been stayed since that time.

In the Motion to Quash now before the Court, Defendants Cryptych and Roger seek to quash service of process or, alternatively, to dismiss the First Amended Complaint against them for lack of personal jurisdiction. *See generally* Mot. Plaintiffs filed a Response in opposition to the Motion on February 16, 2024 [ECF No. 47], and Defendants Cryptych and Roger filed a Reply on February 22, 2024. [ECF No. 54]. As noted above, Plaintiffs also filed a Motion for Substitute Service [ECF No. 35]. The Motions are fully briefed and ripe for adjudication.

## II.    LEGAL STANDARDS

### A.  *Motions To Quash Service Of Process.*

Defendants seek to quash service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Motions to quash filed pursuant to Rule 12(b)(5) challenge the sufficiency of service. Defendants must challenge sufficiency of the service of process in his or her answer or in a pre-answer motion. *See Sanderford v. Prudential Ins. Co.,* 902 F.2d 897, 900 (11th Cir.1990). Here, Defendants' Motion to Quash was filed in a pre-answer motion in which Defendants specifically indicate that they were entering a limited appearance for the purpose of challenging service and personal jurisdiction.

Generally, the serving party bears the burden of proving validity of service. *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1297 (N.D. Ga. 2009) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). When a defendant challenges the validity of service of process, however, courts effectively apply a burden-shifting framework. First, when a defendant challenges the validity of service, he "must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4." *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)). If the defendant successfully challenges service of process, the burden shifts to the plaintiff to set forth a *prima facie* case of proper service. *Hollander*, 2009 WL 3336012, at *3. If the plaintiff provides *prima facie* evidence of proper service, the burden then shifts back to the defendant to "bring strong and convincing evidence of insufficient process." *Id.* (citing *O'Brien*, 998 F.2d at 1398). In determining whether the plaintiff properly effectuated service of process, a court may look to affidavits, depositions, and oral testimony submitted by both parties. *Hollander*, 2009 WL 3336012, at *3 (citations omitted).

**1.  Service On Individuals And Corporations Located Abroad.**

The procedural requirements for proper service of process on individuals and corporations who are not located within the United States are set forth in Federal Rules of Civil Procedure 4(f) and 4(h). Federal Rule of Civil Procedure 4(f) sets forth the procedural requirements for effecting service upon individuals in foreign countries. In relevant part, the Rule provides as follows:

> (f) **Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served at a place not within any judicial district of the United States:

5

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

> (C) unless prohibited by the foreign country's law, by:

>> (i) delivering a copy of the summons and of the complaint to the individual personally; or

>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). These provisions apply to service on corporations in foreign countries. *See* Fed. R. Civ. P. 4(h) (with the exception of when service effected by personal delivery pursuant to Rule 4(f)(2)(C)(i)).

A plaintiff is not required to attempt service under subsections (1) and (2) before requesting a court order authorizing service under subsection (3). *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016). *See also, e.g.*, *Brookshire Bros. Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962-COOKE, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (recognizing that "[t]he invocation of Rule 4(f)(3) . . . is neither a last resort nor extraordinary relief" (citation omitted)).

Courts have broad discretion in allowing service under Rule 4(f)(3). *Trapenard v. Clester*, No. 6:22-CV-660-RBD-LHP, 2023 WL 2264177, at *1–2 (M.D. Fla. Feb. 28, 2023);

*Taser*, 2016 WL 7137699, at *2. Nonetheless, "alternate methods of service under Rule 4(f)(3) must still fulfill due process requirements." *Seaboard Marine Ltd. v. Magnum Freight Corp.*, No. 17-21815-Civ-Scola, 2017 WL 7796153, at *1 (S.D. Fla. Sept. 21, 2017) (quoting *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010)). Due process requires that "the method of service crafted by the district court . . . be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Taser*, 2016 WL 7137699, at *2 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002)).

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990); *see also Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) ("[O]nce a defendant has actual notice of the pendency of an action, the requirements of [Rule] 4 are to be liberally construed."). But service of process that is not in "substantial compliance" with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (holding that, "even though [the defendant] had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements" of Rule 4(f)(2)); *id.* at 925 n.14 (explaining that other courts considering whether service of process was adequate also concluded that "actual notice alone was not enough to allow the court personal jurisdiction over the defendant").

While actual notice of the lawsuit is not alone enough to confer personal jurisdiction over a party, "receipt of actual notice is an important factor in considering whether service of process is adequate." *Prewitt Enters.*, 353 F.3d at 925 n.14 (explaining that other courts considering whether service of process was adequate "were careful to determine that service of process was in substantial compliance with the formal requirements of the Federal Rules").

**2. Service On Nonresidents Pursuant To Florida's Substituted Service Statutes.**

Here, Plaintiffs did not attempt to serve Defendants Cryptych and Roger by using the means available pursuant to Rule 4(f)(1) and (2). Instead, they have attempted to serve these Defendants by substituted service pursuant to Florida Statutes Section 48.181. Section 48.181 permits Florida's Secretary of State to accept service on behalf of nonresidents and foreign business entities that engage in business in the state or conceal their whereabouts. Pursuant to Section 48.181(2), an individual or entity who engages in or carries on a business or business venture in the state of Florida may be served by substituted service on the Secretary of State. *See* Fla. Stat. § 48.181(2); *see also Pelycado Onroerend Goed B.V. v. Ruthenberg*, 635 So. 2d 1001, 1003 (Fla. 5th DCA 1994). Put differently, Section 48.181(2) "provides that a defendant may be subjected to the personal jurisdiction of the state without having been personally served with process if the defendant operates, conducts, engages in, or carries on a business or business venture in Florida, or has an office or agency in Florida, and the cause of action arose from these business activities." *Suroor v. First Inv. Corp.*, 700 So. 2d 139, 140 (Fla. 5th DCA 1997). In addition, pursuant to Section 48.181(4), any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent to accept service of process "in any action or proceeding against it, or any combination thereof, arising out of any transaction or operation connected with or incidental

8

to any business or business venture carried on in this state by such individual or foreign business entity."

"In order to serve a nonresident pursuant to section 48.181, the complaint must allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities within this state." *Mane Ventures, LLC v. Equestrian Int'l LLC*, No. 24-80332-CV, 2024 WL 5077140, at *2 (S.D. Fla. July 17, 2024) (Middlebrooks, J.) (quoting *Newberry v. Rife*, 675 So. 2d 684, 685 (Fla. 2d DCA 1996)). These jurisdictional requirements necessitate that the "the defendant conducts business in Florida and is either a (1) non-resident, (2) resident of Florida who subsequently became a non-resident, or (3) resident of Florida concealing his or her whereabouts." *Pinero v. Yam Margate, L.L.C.*, 825 F. Supp. 2d 1264, 1265 (S.D. Fla. 2011) (citing § 48.181, Fla. Stat. (2011)).

The party seeking to effectuate substitute service bears the burden of pleading facts sufficient to support the applicability of the substitute service statutes. *See Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n*, 224 So. 3d 799, 802 (Fla. 2d DCA 2017) (citing *Mecca Multimedia, Inc. v. Kurzbard*, 954 So. 2d 1179, 1182 (Fla. 3d DCA 2007)); *see also Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) ("To support substituted service under [section] 48.161, 'the plaintiff must allege in his complaint the ultimate facts bringing the defendant within the purview of the statute.'") (quoting *Wiggam v. Bamford*, 562 So. 2d 389, 390 (Fla. 4th DCA 1990)); *see also Labbee v. Harrington*, 913 So. 2d 679, 681 (Fla. 3d DCA 2005). Where a defendant challenges the applicability of the substitute service statutes by affidavit or other proof, the plaintiff must then demonstrate sufficient evidence to bring the defendant within the purview of the statutes. *See, e.g.*, *Gower v. Hemmerle*, 779 So. 2d 657, 658 (Fla. 5th DCA 2001) (reversing denial of motion to quash service where "by affidavit [defendant] made a showing that he was not amenable to service under sections 48.161 and 48.171" and plaintiff

9

failed to carry burden in response) (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989) (applying shifting burden to determine whether court had personal jurisdiction over defendant through long-arm statute)); *McLean v. Church of Scientology of Cal.*, 538 F. Supp. 545, 547 (M.D. Fla. 1982) ("If the allegations of jurisdictional facts are challenged with affidavits or other evidence, the plaintiff must then establish by opposing affidavit, testimony or documents, those material facts supporting the allegations which would justify service of process under the long-arm statutes.") (citing *McNutt v. General Motors Corp.*, 298 U.S. 178 (1936)); *see also* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (3d ed.) ("[W]hen the defendant supports a motion to quash service with an affidavit denying the validity of service, the plaintiff may present counter-affidavits, depositions, or oral testimony[.]"). "[T]he obligation of the plaintiff is not simply to raise a possibility of jurisdiction, but rather to establish jurisdiction with affidavits, testimony or documents. *Underwood v. Univ. of Kentucky*, 390 So. 2d 433, 434–35 (Fla. 3d DCA 1980) (quoting *Hyco Mfg. Co. v. Rotex Int'l Corp.*, 355 So. 2d 471, 474 (Fla. 3d DCA 1978)).

Where a defendant fails to submit affidavits in opposition to the jurisdictional allegations in the complaint, those properly pleaded factual allegations are accepted as true for purposes of determining whether the complaint's allegations support substitute service of process. *See Labbee*, 913 So. 2d at 681 (noting that a defendant's unsubstantiated challenge as to the sufficiency of allegations in a complaint relating to long-arm jurisdiction must be treated as an admission that all facts are properly pled) (citing *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977)). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal Brands, Inc. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th

Cir. 2010) (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

If the jurisdictional requirements are met, a plaintiff relying on Section 48.181(4) to serve an individual or entity concealing its whereabouts must then "demonstrate the exercise of due diligence in attempting to locate the defendant." *Mane Ventures, LLC*, 2024 WL 5077140, at *2 (quoting *Alvarado-Fernandez v. Mazoff*, 151 So. 3d 8, 16 (Fla. 4th DCA 2014) (internal citations omitted)). The test for due diligence is whether "the [plaintiff] reasonably employed knowledge at [his or her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [him or her] to effect personal service on the defendant." *Id.* (quoting *Wiggam v. Bamford*, 562 So. 2d 389, 391 (Fla. 4th DCA 1990)).

If both the jurisdictional and due diligence requirements are met and substituted service is authorized per Section 48.181, the methods of effectuating such service are set forth in Florida Statutes Section 48.161. Under Section 48.161, "the plaintiff must (i) send notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State, (ii) file the return receipt from the defendant, and (iii) file an affidavit of compliance." *Dixon*, 796 F. App'x at 687. Perfection under Section 48.161 "requires strict compliance with the statutory prerequisites because such service is an exception to personal service." *Id.* (quoting *Wyatt v. Haese*, 649 So. 2d 905, 907 (Fla. 4th DCA 1995)). Unless a plaintiff strictly complies with Section 48.161, the Court does not have jurisdiction. *Shiffman v. Stumpff*, 445 So. 2d 1104, 1105 (Fla. 4th DCA 1984) (collecting cases).

**B.   Lack of Personal Jurisdiction – Federal Rule of Civil Procedure 12(b)(2).**

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). "A court must dismiss an action against a defendant over which it

11

has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323–24 (M.D. Fla. 2011). To survive a motion to dismiss, a plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). In other words, "[t]he plaintiff bears the initial burden of alleging sufficient jurisdictional facts to make a *prima facie* case; if the defendant rebuts with contrary affidavit evidence, the plaintiff reassumes the burden." *Id.* (citing *United Techs. Corp v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The plaintiff establishes a *prima facie* case if it "presents enough evidence to withstand a motion for directed verdict." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citation omitted).

To determine whether personal jurisdiction exists over an out-of-state defendant, federal courts undertake a two-step analysis. *Verizon*, 810 F. Supp. 2d at 1324. First, a court must determine whether, pursuant to state law, the applicable state long-arm statute is satisfied. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state long-arm statute is satisfied, the court must consider "whether the exercise of jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 858–59 (11th Cir. 2013). The Due Process Clause requires that the defendant have minimum contacts with the forum state so that the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Id.* "Both parts [of the test] must be satisfied for a court to exercise personal jurisdiction over a non-resident." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

12

At this stage, this Court accepts the facts alleged in the Amended Complaint as true, to the extent they are uncontroverted by the Defendants' affidavits. *See Consol. Dev. Corp.*, 216 F.3d at 1291. If a defendant refutes personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own. *Future Tech.*, 218 F.3d at 1249. The Court construes all reasonable inferences in the light most favorable to the Plaintiffs when dealing with conflicting evidence. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) ("If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists."); *see also Consol. Dev. Corp.*, 216 F.3d at 1291.

### C.  *Leniency Afforded Pro Se Litigants.*

In addressing the merits of the pending Motions and relevant pleadings, this Court is mindful that courts afford a liberal construction to the allegations of *pro se* litigants, holding them to more lenient standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In addition, a *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS

With the foregoing in mind, this Court addresses the issues raised in Cryptych and Roger's Motion. As indicated above, Cryptych and Roger argue that the Court should quash service of process on them on grounds substituted service on the Florida Secretary of State was improper and that in any event Plaintiffs have not complied with the requirements of substituted service. Alternatively, Cryptych and Roger argue the Court should dismiss them from the suit for lack of personal jurisdiction.

### A.   Whether Plaintiffs Properly Served Defendants Cryptych And Roger.

The record in this case reflects that on December 27, 2023, the Clerk of Court issued the Summonses for Defendants Cryptych and Roger. [ECF No. 20]. The Summonses addressed to each Defendant list "c/o Secretary of State" in Tallahassee, Florida. *See id.* On January 26, 2024, after purporting to serve the Defendants by substituted service, Plaintiffs filed a Motion for Substitute Service requesting that this Court authorize substitute service on Cryptych and Roger. [ECF No. 35]. In the Motion, Plaintiffs indicate that they "have complied with the requirements for substitute service pursuant to [Section] 48.181" and that substitute service was accepted for Cryptych and Roger by the Florida Department of State pursuant to Florida Statutes Section 48.181. *Id.* ¶¶ 11–12, 26.

In their Motion, Defendants Cryptych and Roger argue that substituted service of process on the Secretary of State was invalid because (1) Cryptych and Roger have not engaged in any business or business venture in Florida, and (2) Plaintiffs have not complied with the strict requirements of Florida's substituted service statutes. *See* Mot. at 4–9. In their Response, Plaintiffs disagree with the Defendants' assertions in the Motion and contend that Cryptych and Roger have engaged in business in Florida and that Plaintiffs have complied with Florida's substituted service statutes. *See* Resp. at 1–2.

14

### 1. Plaintiffs' Failure To Obtain A Court Order Permitting Substituted Service.

Initially, this Court points out that because Plaintiffs served (or attempted to serve) the Defendants after the case was removed to this Court, federal law governs the validity of Plaintiffs' attempted service. *See Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16–cv–306–FtM–38CM, 2016 WL 6681062, at *2 (M.D. Fla. Nov. 14, 2016) (citing 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1)). In the Amended Complaint, Plaintiffs state that Defendants Cryptych and Roger are both located in Australia (*see* Am. Compl. ¶¶ 8, 9), and Defendants do not dispute this allegation. Therefore, Federal Rule of Civil Procedure 4(f) governs service on these Defendants.

As explained above, Rule 4(f) offers three options for service on defendants located overseas: (1) service by internationally agreed means, such as pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"); (2) by means prescribed by the foreign country's laws; or (3) "by other means not prohibited by international agreement, ***as the court orders***." Fed. R. Civ. P. 4(f) (emphasis added). Although Australia is a signatory to the Hague Convention, Plaintiffs opted not to proceed pursuant to the Hague Convention, and, therefore, Rule 4(f)(3) governs. Plaintiffs have chosen to proceed by "other means" here – that is, by substituted service pursuant to Florida Statutes Section 48.181. To proceed by such other means, Plaintiffs must first obtain a court order permitting the use of such other means to effect service. *See* Fed. R. Civ. P. 4(f)(3); *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 751 (11th Cir. 2016) (quoting *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004)). Although Plaintiffs filed a Motion for Substitute Service on January 26, 2024, that Motion was filed *after* Plaintiffs purported to proceed with service by substituted service. Service was not, therefore, undertaken "as the court order[ed]" and is, for that reason alone, inadequate. *See Symington*

15

*v. BVAJ Marine, Ltd.*, No. 0:20-cv-60761-RS, 2021 WL 8939965, at *2 (S.D. Fla. May 14, 2021) (deeming alternative service inadequate as plaintiff failed to obtain leave of court prior to serving defendant under Rule 4(f)(3)); *Robinson v. Turner*, No. 8:23-CV-626-SDM-SPF, 2024 WL 665103, at *2 (M.D. Fla. Feb. 16, 2024) (same).

Nevertheless, because Plaintiffs are proceeding *pro se*, this Court will afford them leniency and proceed to consider whether service pursuant to Florida's substituted service statute was otherwise effective.

### 2. Plaintiffs' Allegations Regarding Defendants' Business Activities In Florida.

Florida law permits substituted service on a nonresident individual or entity through the Florida Secretary of State if the individual or entity "has appointed or is deemed to have appointed the Secretary of State as [the individual's or entity's] agent for service of process." Fla. Stat. § 48.161(1). Florida Statute Section 48.181(2) explains that a foreign individual or entity is deemed to have appointed the Florida Secretary of State as the individual's or entity's agent for service of process when that individual or entity accepts "the privilege extended by law to nonresidents to operate, conduct, engage in, or carry on a business or business venture" in Florida and the action or proceeding against the individual or entity "aris[es] out of any transaction or operation connected with or incidental to the business or business venture . . . ." Fla. Stat. § 48.181(2). Similarly, any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom service of process may be served "in any action or proceeding against it, or any combination thereof, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or foreign business." Fla. Stat. § 48.181(4).

16

In order to serve a nonresident defendant pursuant to Section 48.181, a plaintiff must allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities in this state. *Ure v. Oceania Cruises, Inc.*, 122 F. Supp. 3d 1351, 1354 (S.D. Fla. 2015) (citing *Newberry v. Rife,* 675 So. 2d 684, 685 (Fla. 2d DCA 1996)). As explained above, the burden of pleading facts that support the applicability of substituted service falls on the party seeking to invoke the provisions of the substituted service statute, and that burden is not simply to raise a possibility of jurisdiction, but rather "to establish jurisdiction with affidavits, testimony or documents." *See Underwood*, 390 So. 2d at 434-35; *Labbee*, 913 So. 2d at 681. The undersigned notes that prior to January 2023, a plaintiff was required to allege the facts supporting the applicability of the substituted service statute in their complaint, but the Florida service statutes were amended effective January 2, 2023,[2] and now provide that the facts that justify substituted service must be alleged in an affidavit of compliance and need not be alleged in a complaint. *See* Fla. Stat. § 48.161(2). Thus, this Court considers Plaintiffs' allegations in the Amended Complaint and in the affidavits submitted in support of substituted service to determine whether Plaintiffs have demonstrated that the Defendants are nonresidents and "operate, conduct, engage in, or carry on a business or business venture in Florida." As discussed above, Plaintiffs must allege sufficient facts bringing the defendant within the purview of the statute. *See Dixon*, 796 F. App'x at 687 (internal citations omitted).

In the First Amended Complaint, Plaintiffs do allege that Defendants Cryptych and Roger reside outside the United States. As to Cryptych, Plaintiffs allege it is an international

---

[2] Plaintiffs filed their original complaint on September 26, 2023, and all attempts at service of process occurred after that date. *See* ECF No. 1-2. No party has identified any reason why the January 2023 Amendments should not apply to Plaintiffs' efforts to serve process here.

corporation with its main office in New South Wales, Australia. Am. Compl. ¶ 8. And as to Mr. Roger, Plaintiffs allege that he resides in New South Wales, Australia. *Id*. ¶ 9. Defendants do not dispute that they are foreign residents.[3] As Plaintiffs have alleged that Defendants Cryptych and Roger are nonresidents of Florida, the determinative question is whether these Defendants' actions and presence in Florida are sufficient to satisfy the, "operat[ing], conduct[ing], engag[ing] in, or carry[ing] on a business or business venture" requirement of Section 48.181. What constitutes doing business is "doing a series of similar acts for the purpose of thereby realizing pecuniary benefit." *McCarthy v. Little River Bank & Tr. Co.*, 224 So. 2d 338, 341 (Fla. 3d DCA 1969).

In the First Amended Complaint, Plaintiffs include the barebones allegation that Defendant Cryptych is an international corporation "operating within Miami-Dade County, Florida." Am. Compl. ¶ 8. Plaintiffs also broadly allege that "Defendants have engaged in significant business and regulatory activities in Florida, particularly in Miami-Dade County" and that Defendants have engaged in "activities, directed towards, and having significant impact within the state," including "forming contractual agreements, exchanging emails and engaging in phone communications with the Plaintiffs, initiating advertising campaigns, and conducting multiple business transactions within Florida." Am. Compl. ¶ 14. These jurisdictional allegations are not, however, specific to any particular Defendant but, instead, address the Defendants collectively. As an initial observation, this sort of pleading is

---

[3] Plaintiffs also suggest that Defendant Roger was concealing his whereabouts, but because Plaintiffs have adequately shown that the Defendants are a foreign individual and entity, Plaintiffs need not demonstrate that anyone was concealing their whereabouts. Whether the Defendant is a foreign entity or concealing their whereabouts, the Plaintiffs would still be required to demonstrate that the Defendants are operating or carrying on a business venture in Florida from which the cause of action arises (*see* Sections 48.181(2) and (3)), and, as explained herein, Plaintiffs have not done so.

inadequate. *See W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient.").

Although Plaintiffs do very generally allege that Defendant Cryptych is operating within Miami-Dade County, Florida, this allegation is conclusory and not supported by any other allegations demonstrating that these Defendants "operate, conduct, engage in, or carry on a business or business venture in the state." Fla. Stat. § 48.181(2). Rather, Plaintiffs only allege that, in December 2018, Ms. Angela Roche, an employee of Defendants Cryptych and Roger, reached out to Plaintiffs seeking information about "the specifics and costs associated with the CDRH's third-party review program for evaluating their new medical device." Am. Compl. ¶ 17. Review of Plaintiffs' Motion for Substitute Service and Response to the Motion to Quash does not provide any additional support for Plaintiffs' claim that the Defendants were doing business in Florida.

Defendants Cryptych and Roger argue that they are not subject to substituted service under Section 48.181 because they do not "operate, conduct, engage in, or carry on a business or business venture in this state." Mot. at 7 (quoting Fla. Stat. § 48.181(2)). In support of their Motion, Cryptych and Roger submitted the sworn Declaration of Greg Roger, the Managing Director of Cryptych. [ECF No. 37-2 ("Roger Decl.")]. In his Declaration, Mr. Roger avers that he resides in New South Wales, Australia, and manages Cryptych from there. *Id.* ¶ 7, 9. Mr. Roger states that Cryptych has no offices in Florida, no employees or independent contractors in Florida, and no executives or top levels of leadership based in Florida. *Id.* ¶¶ 5–7. Mr. Roger also states that Cryptych does not maintain any bank accounts in Florida, does not direct its operations from Florida, has no clients or customers in Florida, and does not

19

advertise, market, or otherwise promote its products in Florida. *Id.* ¶¶ 8–11. Lastly, Mr. Roger avers that the last time he was physically present in Florida was twenty-four years ago for purposes of attending a conference and that he has not visited Florida for business purposes or otherwise since then. *Id.* ¶¶ 12–13.

In their Response, Plaintiffs contend that Defendants Cryptych and Roger have engaged in business in Florida based on the following activities: (1) Ms. Roche's December 2018 email communication with Plaintiffs for purposes of obtaining further information about Plaintiffs' third-party review services; (2) in May 2019, Cryptych signed a contract with Plaintiff ADAS for third-party review services for the NuroChek device; and (3) in February 2020, Roger sent an email to Plaintiffs following a teleconference call. Resp. at 1–2. Notably, Plaintiffs offer no declarations or sworn evidence to rebut the statements in Mr. Roger's Declaration.

The alleged activities identified by Plaintiffs are insufficient to establish that Defendants Cryptych and Roger have carried on a business or business venture in Florida to satisfy the requirements for substituted service. *See RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 784 (11th Cir. 2014) ("We have held that 'telephonic and electronic communications [made from elsewhere] into Florida' do not constitute carrying on a business venture in Florida, even when those phone calls were incident to some economic activity.") citing *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005))); *see also Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996) (holding that making phone calls from Canada to Florida did not qualify as carrying on a business venture in Florida).

As for the allegation that Cryptych and Plaintiff ADAS entered into a contract in 2019, Plaintiffs fail to explain how the contract constitutes evidence that Defendants Cryptych and

Roger have carried on a business or business venture in Florida for purposes of Section 48.181. Moreover, Plaintiffs fail to offer any evidence or even attempt to rebut the sworn Declaration of Mr. Roger demonstrating that neither Cryptych nor Roger have conducted any business activities in Florida.

Simply put, Plaintiffs have failed to allege or meet their burden of demonstrating the jurisdictional requirement that Defendants Cryptych and Roger have carried on a business or business venture in Florida to justify substituted service pursuant to Section 48.181. As such, Plaintiffs' attempt to effectuate service of process upon Defendants Cryptych and Roger through substituted service on the Secretary of State was not justified and is due to be quashed.

### B. Personal Jurisdiction.

In light of the foregoing, this Court need not address Cryptych's and Roger's alternative basis for dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Nonetheless, the undersigned briefly addresses Plaintiffs' arguments in response to Cryptych's and Roger's jurisdictional challenge.

Plaintiffs argue that Cryptych and Roger waived their ability to challenge personal jurisdiction for two reasons: (1) the Notice of Removal, filed by Defendant RQM+, did not preserve an objection to jurisdiction, and (2) Cryptych and Roger consented to removal of this action to this Court. *Id.* As explained in this Court's Order on Headsafe's Motion to Quash, both claims are unavailing. *See* ECF No. 72, at 21–22.

Unlike subject matter jurisdiction, personal jurisdiction can be waived if a defendant fails to raise it as an issue in either a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 12(b)(2), (h); *see also Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1365 (11th Cir. 2006); *Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) ("While it is true that the defense of lack of personal jurisdiction can be waived by filing

a motion which does not raise the defense, Fed. R. Civ. P. 12(h)(1), waiver is only accomplished if the defense is not asserted in the first motion made under Rule 12 or responsive pleading."). "[P]ersonal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense." *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (citations omitted); *see, e.g.*, *Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed. Cir. 2005) (noting that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal").

Here, Cryptych and Roger timely asserted their objection to personal jurisdiction by raising it in the pre-answer Motion now before the Court. *See* Mot. at 11–17 (addressing lack of personal jurisdiction under the Florida long-arm statute). Contrary to Plaintiffs' argument, the Notice of Removal, which was not even filed by Cryptych and Roger, is neither a responsive pleading nor a motion made under Rule 12, and thus does not operate as a waiver of the defense of lack of personal jurisdiction under Rule 12(h). *See, e.g.*, *Lane*, 322 F. App'x at *2 (rejecting argument that the defendants had waived their defense of lack of personal jurisdiction by moving to stay the proceedings before moving to dismiss for lack of personal jurisdiction).

Nor does Cryptych's and Roger's consent to removal operate as a waiver of their ability to challenge personal jurisdiction. As noted in the Notice of Removal, and as discussed above, Cryptych and Roger have not been properly served and therefore, as with Defendant Headsafe, their consent was not required for removal. *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been

properly served." (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008))). Nor have Cryptych and Roger implicitly waived their defense of personal jurisdiction by substantially participating in litigation before filing their Rule 12(b)(2) Motion. *See generally* Docket. In fact, as Plaintiffs point out in their Motion for Substitute Service, Defendants Cryptych and Roger "explicit[ly] refus[ed] to participate in the meeting concerning the Joint Scheduling Report" (*see* ECF No. 35 ¶ 20) precisely because neither Cryptych nor Roger have been served with process in this action. *See id.* at 18 (Exhibit E – Roger's January 18, 2024 email). And, the Court notes that in their Motion to Quash, these Defendants expressly indicate that their appearance is limited to the purpose of challenging service of process and personal jurisdiction.

This Court is satisfied that Cryptych and Roger timely asserted and have not waived their defense of lack of personal jurisdiction in this matter.

### C. Plaintiffs' Motion For Substitute Service.

As noted above, on January 29, 2024, Plaintiffs filed a Motion for Substitute Service on Defendants Cryptych and Roger [ECF No. 35]—three days before Cryptych and Roger filed their Motion to Quash Service.[4] In the Motion, Plaintiffs seek to effectuate substituted service on Defendant Roger, individually and on behalf of Cryptych, via email on grounds Defendant Roger appears to be evading service. *See generally* ECF No. 35. Plaintiffs contend that Roger and Cryptych have actual notice of the instant action against them and that

---

[4] Plaintiffs contend that Defendants Cryptych and Roger have failed to oppose their Motion for Substitute Service. *See* ECF No. 47 at 2. But Cryptych and Roger specifically state in their Motion to Quash that their Motion responds to Plaintiffs' request for substituted service against them. *See* ECF 37 at 3.

Plaintiffs have complied with the requirements for substituted service under Florida law. *See id.*

As discussed above, Plaintiffs have not met their burden of pleading facts that support the applicability of the substituted service statutes for service of Defendants Cryptych and Roger. Moreover, although Cryptych and Roger now have notice of these proceedings,[5] it is well settled that a defendant's "actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). For the reasons set forth above, Plaintiffs have not substantially complied with the requirements of Florida's substituted service statutes and, therefore, their Motion is due to be denied.

## IV.    CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants Cryptych and Greg Roger's Motion to Quash Improper Service and Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction **[ECF No. 37]** is **GRANTED IN PART** as follows:

1. Plaintiffs' attempt to effectuate substituted service of process on Cryptych and Roger is **QUASHED**.

2. Defendants Cryptych and Greg Roger are hereby **DISMISSED** from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).[6] In the event Plaintiffs seek to attempt to serve Cryptych and Roger and correct

---

[5] And, as discussed above, Cryptych and Roger reserved their right to object to service of process and personal jurisdiction.

[6] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

the deficiencies identified herein, they must seek leave to do so within **twenty**

**(20) days** of the date of this Order.

3. The alternative request for dismissal for lack of personal jurisdiction is

   **DENIED AS MOOT and without prejudice**.

It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Substitute Service on

Defendants Cryptych and Greg Roger [**ECF No. 35**] is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 12th

day of August, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Rafael Aguila, *Pro se*
       6800 SW 40th Street, Suite 444
       Miami, FL 33155
       Email: support@510k-review.com

25